UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,<br><br>                                             Petitioners,<br><br>-against-<br><br>COLD SHIELD, INC.,<br><br>                                             Respondent. | 19 CV _____<br><br><br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement between the New England Regional Council of Carpenters ("Union") and Cold Shield, Inc. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4.     Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA.  The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5.     Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6.     Respondent is a foreign corporation incorporated under the laws of the State of Minnesota and conducting business within the State of New York.  At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  Respondent maintains its principal place of business at 2355 Polaris Lane N, Plymouth, Minnesota 55447.

## THE ARBITRATION AWARD

7.     On or about February 1, 2019, Respondent entered into a Short Form Agreement with the Union.  A copy of the Short Form Agreement is annexed hereto as **Exhibit A**.

8.     Pursuant to the Short Form Agreement, Respondent agreed to be bound to the "collective bargaining agreements between the various contractor associations and the Union,

and/or the local unions affiliated with the Union in Connecticut, Rhode Island, Massachusetts, New York, Maine, New Hampshire, and Vermont, wherever those contracts shall apply...The Employer agrees that it shall abide by any amendments or successor agreements negotiated by the contractor associations and the Union." *See* Ex. A, Section 1.

9. Respondent is therefore bound to the agreement between the Union and the Construction Contractors Association and the Construction Industry Council of Westchester and Hudson Valley, Inc., the Masonry and Concrete Contractors Association, and the Building Contractors Association of Westchester and Mid-Hudson Region covering the period May 1, 2019 through April 30, 2022 ("2019-22 CBA").  A copy of the 2019-22 CBA is annexed hereto as **Exhibit B**.

10. In addition, Respondent is bound to the Northwest Region Agreement between the Union and the Construction Employers Association, the Eastern Contractors Association, Inc., the Construction Industry Association, the Construction Industry Employers Association, the Southern Tier Contractors Association, and the Building Industry Employers Association covering the period June 1, 2016 through May 31, 2021 ("2016-21 CBA").  A copy of the 2016-21 CBA is annexed hereto as **Exhibit C**.

11. The 2019-22 CBA and the 2016-21 CBA (collectively, the "CBAs") require Respondent, *inter alia*, to make contributions to the funds for all work within the trade and geographical jurisdiction of the Union ("Covered Work").  Ex. B, Art. Sixteen, Section (a); Ex. C, Art. 16, Section 1.

12. The CBAs further provide that "[f]ailure on the part of the Employer to make the required contributions … shall make the Employer liable for all contributions due, all collection

costs including auditing and attorney fees, 20% of total due each Fund as liquidated damages, plus interest." Ex. B, Art. Sixteen, Section (b); *see also* Ex. C, Art. 16, Section 5.

13. The CBAs further provide, that "the Employer shall be bound by and shall comply with the Agreements, Declarations of Trust, Plans and/or Regulations of the Fringe Benefit Funds, and the Labor Management cooperation committees, so designated." Ex. B, Art. Sixteen, Section (a); *see also* Ex. C, Art. 16, Section 3.

14. The Trustees of the Funds established a Joint Policy for the Collection of Delinquent Contributions ("Collection Policy"). A copy of the Collection Policy is attached hereto as **Exhibit D**.

15. The Collection Policy provides "[i]f an employer fails to submit remittance reports, weekly payroll reports, or other reports of work for which contributions to the Funds are required, such that the Funds cannot determine the amount owed by the employer for a given month, then …the [Funds] will compute the estimated amount of contributions due by assuming that the hours for which the employer is obligated to contribute for each week in the unreported month equal the highest number of average hours for which the employer was obligated to contribute in a week for any four consecutive weeks within the 36 months immediately preceding the unreported month." Ex. D, Art. 3.2.

16. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the minimum rate of 0.75% per month, compounded. Ex. D, Art. 2.1(D).

17. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced. The amount of the liquidated damages shall be 20% of the delinquent Contributions." Ex. D, Art. 6.1.

18. A dispute arose when, in violation of the CBA, Respondent failed to submit reports and contributions owed to the Funds for the period March and April 2019.

19. The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator. Ex. D, Art. 2.3(A).

20. The Collection Policy further provides that the employer shall be liable for all costs incurred in collecting delinquent contributions, including without limitation, audit costs and arbitration fees. Ex. D, Art. 6.3.

21. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson. Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail. A copy of the Notice of Intent to Arbitrate Delinquency is attached hereto as **Exhibit E**.

22. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated July 3, 2019, determining said dispute (the "Award"). A copy of the Award is attached hereto as **Exhibit F**.

23. The arbitrator found that Respondent was in violation of the terms of the CBA and ordered Respondent to pay the Funds the sum of $12,520.64 consisting of delinquent contributions in the estimated amount of $9,832, interest of $55.44, liquidated damages of $983.20, attorneys' fees of $900 plus interest on the attorneys' fees at the rate of 10% from the date of the Award, and the arbitrator's fee of $750 pursuant to the CBA.

24. Respondent has failed to abide by the Award.

25. The Award has not been vacated or modified and no application for such relief is currently pending.

26. This petition is timely as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

27. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the Award and the CBA and Collection Policy. *See* Ex. B, Article Sixteen, Section b; *see also* Ex. C, Article 16, Section 5; Ex. D, Article VI; Ex. F ¶ 9.

28. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are attached hereto as **Exhibit G**.

29. I, Nicole Marimon ("NM" in the accompanying billing records), am a 2014 graduate of Fordham University School of Law, and a partner at V&A. Since graduating law school and being admitted to the New York State bar, I have handled the prosecution of numerous ERISA collections actions. V&A billed my time at a rate of $300 per hour.

30. V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action.

31. In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

32. V&A's total billings in this matter amount to $1,820 reflecting 12.4 hours of work. *See* Ex. G.

33. In addition, V&A will also advance $495.70 in court filing, service, and postage fees upon the filing of the instant petition.

34. Accordingly, Petitioners are entitled to recover $2,315.70 in attorneys' fees and costs incurred in connection with this matter.

WHEREFORE, Petitioners respectfully request that this Court:

(1) Confirm the Award in all respects;

(2) Award judgment in favor of Petitioners and against Respondent in the amount of $12,520.64 pursuant to the Award plus interest from the date of the Award through the date of judgment;

(3) Award judgment in favor of the Petitioners and against Respondent in the amount of $2,315.70 in attorneys' fees and costs arising out of this petition; and

(4) Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York    Respectfully submitted,
      August 12, 2019

                                          **VIRGINIA & AMBINDER, LLP**

                                       By:        /s/
                                                Nicole Marimon, Esq.
                                              40 Broad Street 7th Floor
                                              New York, New York 10004
                                              Tel: (212) 943-9080
                                              Fax: (212) 943-9082
                                              *Attorneys for Petitioners*