UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
TRUSTEES OF THE NORTHEAST
CARPENTERS HEALTH, PENSION,
ANNUITY, APPRENTICESHIP, and
LABOR MANAGEMENT                        **MEMORANDUM AND ORDER**
COOPERATION FUNDS,                      19-CV-04673 (FB)

                  Petitioners,

    -against-

COLD SHIELD, INC.,

                  Respondent.
-----------------------------------------------x

Appearances:

*For Petitioner*:
NICOLE MARIMON
Virginia & Ambinder, LLP
40 Broad Street
New York, NY 10004

**BLOCK, Senior District Judge:**

    Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("Petitioners") ask this Court to (i) confirm a $12,520.64 arbitration award ("Award"), plus prejudgment interest, and (ii) further direct Respondent to pay $2,315.70 to Petitioners in attorneys' fees and costs arising from this petition.  We grant Petitioners' petition in full.

1

1.  Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed" so long as there exists "a barely colorable justification for the outcome reached" by the arbitrator. *Id.* If a petition to confirm is unanswered, as here, the Second Circuit advises district courts to treat the unanswered petition "as an unopposed motion for summary judgment." *Id.* As such, we may not confirm the Award "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" and that they are entitled to judgment as a matter of law. *Id.*

Petitioners have met their burden and the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* Prior to issuing the Award, the arbitrator held a hearing and determined Respondent was bound to a Collective Bargaining Agreement and delinquent in making fringe-benefit contributions owed thereunder for "payroll periods of March 1, 2019 through June 28, 2019." Award at 2. Based on the record presented, the arbitrator ordered Respondent to pay Petitioners $12,520.64, consisting of $9,832.00 in delinquent contributions, *plus* $55.44 in interest, *plus* $983.20 in liquidated damages, *plus* $900

in Petitioners' attorneys' fees *plus* interest thereon at the rate of 10%, *plus* the arbitrator's fee of $750. *Id.*

Where an arbitrator's award "draws its essence from the collective bargaining agreement," *Saint Mary Home, Inc. v. Service Emp. Int'l Union*, 116 F.3d 41, 44 (2d Cir. 1997) (internal quotation marks and citation omitted), the court must affirm the award so long as the arbitrator's decision is "plausibly grounded in the parties' agreement." *Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 32 (2d Cir. 1997). The Award here draws its essence from the Collective Bargaining Agreement and attendant "Collection Policy," which establish liability for the amounts identified in the Award and entitle Petitioner to recover for interest, liquidated damages, attorney's fees, costs, and the arbitrator's fee. Finding no genuine dispute as to any part of the Award, we confirm the Award in full.[1]

2.    As for the fees and costs Petitioner incurred bringing this petition, reasonable attorneys' fees and costs are recoverable under ERISA § 502(g). *See* 29 U.S.C. § 1132(g)(2)(D). Attorneys' fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the

---

[1] Petitioner also seeks prejudgment interest on the delinquent contributions. Under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Per the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month. We accordingly award Petitioners prejudgment interest at the rate of 0.75% per month, from the date of the Award—July 3, 2019—through the date of this Memorandum & Order.

hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998). Petitioner's counsel provided records of the date, time spent, and the nature of the work performed by each person who worked on the case. The time spent and the fees charged are reasonable. Moreover, the costs incurred in this action include $495.70 in court filing, service, and postage fees, all of which are reasonable expenditures recoverable under ERISA. 29 U.S.C. § 1132(g)(2)(D). We therefore find Petitioners entitled to recover from Respondent attorneys' fees and costs in the amount of $2,315.70.

*.*.*

For the foregoing reasons, the Court grants Petitioners' petition in full.

**SO ORDERED**.

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 22, 2020

4